UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:18-cr-00096-JLT-SKO |
| Plaintiff, | ORDER DENYING REQUEST FOR TIME SERVED CREDIT |
| v. | (Doc. 42) |
| ROBIN LAMONT THOMPSON, | |
| Defendant. | |

Before the Court is pro se Defendant Robin Lamon Thompson's Request for Credit of Time Served. (Doc. 42.) For the reasons set forth below, the Court **DENIES** Defendant's Request.

## I.   BACKGROUND

In August 2019, Mr. Thompson pled guilty to one count of Possession with Intent to Distribute a Controlled Substance. (Doc. 28 at 2.) Sentencing proceedings were held before United States District Judge Lawrence J. O'Neill on January 27, 2020. (Doc. No. 38.) In accordance with the plea agreement, Mr. Thompson was sentenced to 120 months imprisonment and 60 months supervised release. (Doc. 39 at 2-3.) The plea agreement, the final judgment, and sentencing recommendation are silent as to whether Defendant would receive credit for the time

1

he served in custody prior to his sentencing in this case. (Doc. 28 at 3; Doc. 39 at 2-3; Doc. 35 at 18-19.)

On February 22, 2022, Defendant filed a request to receive credit for his time served in custody prior to sentencing. (Doc. 42.) Defendant indicates that he spent 195 days in Fresno County Jail and Bakersfield County Jail before sentencing. (*Id.*) According to Defendant, the Bureau of Prisons determined not to credit his 195 days served in county jail towards his 120-month sentence. (*Id.*) He submitted a request to this Court to correct BOP's decision. (Doc. 42.)

## II.     ANALYSIS

Defendant does not cite a rule or statutory provision in his request. Rather, the asks the Court to use the "pro tunc non-redesignation motion." (Doc. 42.) The Court assumes Defendant is asking the Court to make any order it enters have retroactive effect to an earlier date, possibly the date of his sentencing. The Court does not have authority to award Defendant the requested remedy or to otherwise "correct" the BOP's determination of his entitlement to time-served credits.

Under 18 U.S.C. § 3585(b), the Attorney General, the Department of Justice, and the BOP have the authority to credit a defendant's sentence with time previously served in custody. *United States v. Wilson*, 503 U.S. 329, 332-36 (1992); *United States v. Jackson*, 798 Fed. App'x 62, 65 (9th Cir. 2019); *United States v. Clayton*, 588 F.2d 1288 (9th Cir. 1979). The Supreme Court held that § 3585(b) does *not* "authorize[] a district court to award credit at sentencing." *Wilson*, 503 U.S. at 333.

To the extent Defendant is attempting to challenge/collaterally attack BOP's determination regarding his entitlement to time-served credits, Defendant can only challenge the BOP's decision through a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). *Jackson*, 798 Fed. App'x at 65 ("[A] criminal defendant may only challenge the Bureau's calculation of credits in a habeas corpus action based on 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). To the extent the court could construe Defendant's request as a motion brought under § 2241, he has made no argument or showing that he exhausted his administrative remedies. He has simply indicated that "BOP has opted not to award me jail time

2

credit for these days earned." (Doc. 41.) For these reasons, the Court denies Defendant's request to award time served to his 120-month sentence. Although nothing in this Order precludes Defendant from filing motion under § 2241,[1] he should bear in mind that district courts generally do not have the authority to require the BOP to give credit for time served. *See United States v. Abalos*, Case No.: 18-cr-01671-L, 2021 WL 4034196, at *5 (S.D. Cal. Sep. 3, 2021).

### ORDER

For the reasons set forth above, Defendant's request for credit of time served or to otherwise modify his sentence (Doc. 42) is **DENIED**.

IT IS SO ORDERED.

Dated: **April 5, 2022**

UNITED STATES DISTRICT JUDGE

---

[1] In addition, a § 2241 motion must be filed in the district in which the defendant is confined. Defendant is presently incarcerated in Herlong, California, which is in Lassen County. Pursuant to Local Rule 120(d), any such petition should be directed to the Sacramento Division of this Court.